FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

FEB - 8 2007

JAMES N. HATTEN, CLERK
By: [signature] Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| LEVERN JOYNER, | : | PRISONER CIVIL RIGHTS |
| Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:07-CV-0044-TWT |
| G. RICHARD STEPP, | : | |
| Defendant. | : | |

### ORDER AND OPINION

Plaintiff, Levern Joyner, an inmate at the Hays State Prison in Trion, Georgia, brings the instant pro se civil rights action pursuant to 42 U.S.C. § 1983. The matter is presently before the Court for a 28 U.S.C. § 1915A review.

I. 28 U.S.C. § 1915A Review

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint to determine whether the action is either: (1) frivolous, malicious or fails to state a claim on which relief may be granted; or, (2) seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Carroll

AO 72A
(Rev.8/82)

v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A complaint may be dismissed for failure to state a claim when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Brower v. County of Inyo, 489 U.S. 593, 597 (1989).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States or a federal statute; and (2) the act or omission was committed by a person acting under color of state law. See Hale v. Tallapoosa County, 50 F.3d 1579, 1581 (11th Cir. 1995).

## II. Plaintiff's Allegations

Plaintiff sues G. Richard Stepp, his court-appointed attorney in his criminal action, alleging that Stepp provided ineffective assistance of counsel on appeal. Plaintiff contends that Stepp lied during arguments before the Georgia Court of Appeals on March 7, 2006, when he told the appellate court that Plaintiff had committed armed robbery, which Plaintiff denied committing at trial. Plaintiff contends that Stepp, along with the trial court judge, the assistant district attorney,

2

and the clerk of the trial court, conspired to convict him of a crime that he did not commit. Plaintiff seeks damages, a hearing on his case, and release from imprisonment.

III. Discussion

Plaintiff cannot challenge his state criminal proceedings in this action. A habeas corpus petition is the proper vehicle for raising claims that may affect the fact or duration of a criminal defendant's confinement. See Preiser v. Rodriguez, 411 U.S. 475, 488-490 (1973). Thus, Plaintiff must seek habeas corpus relief.

However, this Court will not construe Plaintiff's complaint as a habeas corpus petition as Plaintiff does not allege that he has exhausted his state court remedies. Plaintiff may challenge the legality of his detention by filing a petition for state habeas corpus relief pursuant to O.C.G.A. § 9-14-1. Plaintiff has made no showing or argument that would tend to indicate that the available state process is ineffective to protect his rights. So long as review is available in the Georgia courts, "this Court is precluded from the consideration of the substance of [Plaintiff's claims] until the issues have been squarely and fairly presented to the Georgia courts for their consideration." Fields v. Tankersley, 487 F. Supp. 1389, 1391 (S.D. Ga. 1980).

AO 72A
(Rev.8/82)

Plaintiff may seek federal habeas corpus relief in this Court after he has exhausted the remedies available to him in the state courts.

In addition, Plaintiff's damages claim challenging his criminal proceedings in state court is subject to dismissal. A plaintiff must first show that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254 or § 2241 before he can recover damages in a 42 U.S.C. § 1983 claim for an alleged unconstitutional conviction or imprisonment. Heck v. Humphrey, 512 U.S. 477, 486-487 (1994). In the instant action, Plaintiff's claims would implicate the validity of his criminal convictions in state court. Accordingly, this Court finds that these claims are premature and subject to dismissal under Heck.

Lastly, Plaintiff's § 1983 action against Stepp for damages is subject to dismissal, as Plaintiff has failed to allege that Stepp acted under "color of state law." See Polk County v. Dodson, 454 U.S. 312, 325 (1981) ("a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"); Rayburn v. Hogue, 241 F.3d 1341, 1347 (11th Cir. 2001) ("Only in rare circumstances can a private party be viewed as

a [s]tate actor for section 1983 purposes."); Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985). Thus, his complaint should be dismissed.

IV. Conclusion

Based on the foregoing, **IT IS ORDERED** that the instant action is hereby **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A.

**IT IS FURTHER ORDERED** that Plaintiff's request to proceed in forma pauperis (Doc. 2) be **GRANTED** for the purpose of dismissal only, and that Plaintiff's motion to compel (Doc. 3) be **DENIED** as moot.

IT IS SO ORDERED this 8 day of February, 2007.

*Thomas W. Thrash*
THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)